UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAWRENCE HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-CV-0782-CVE-FHM |
| | ) |
| PBC NBADL, LLC, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is Defendant's Motion to Dismiss and Supporting Brief (Dkt. # 17). At the outset, the Court notes that the captions of both defendant's motion and plaintiff's responses (Dkt. ## 23, 24) refer to defendant as the "Tulsa 66ers."[1] Defendant filed a notice of party name correction stating that its correct legal name is PBC NBADL, LLC, and the docket sheet was corrected. Dkt. ## 21, 22. However, service was made on and returns of service were filed as to four individual employees of PBC NBADL, LLC: Jim Brylewski, Nate Tibbetts, Dale Osbourne, and Michelle Matthews. Dkt. ## 12-15. Service has not been made on PBC NBADL, LLC. Defendant acknowledges in its motion to dismiss that plaintiff has at times referred to individuals associated with the Tulsa 66ers as defendants, and states that to the extent that the Court views them as proper parties who were properly served, counsel for PBC NBADL, LLC will represent the individual defendants, and the motion to dismiss is incorporated as to them as well. Dkt. # 17, at 1.

---

[1]  Plaintiff spells the name "Tulsa 66sers." Dkt. ## 23, 24.

Plaintiff's response and amended response to the motion to dismiss (Dkt. ## 23, 24) include "Tulsa 66sers" [sic] as the defendant in the caption. However, plaintiff's complaint states that his claims are against Tibbetts and Osbourne, he effected service on four individuals instead of the corporate entity, and his previous motion requested default judgment against the "defendants." Dkt. ## 1, 5, 12-15. Plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally when considering the allegations of his complaint. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). Construing plaintiff's pleadings as broadly as possible, it appears that he may be stating claims against PBC NBADL, LLC, as well as Brylewski, Tibbetts, Osbourne, and Matthews.[2]

Although defendant has not raised a jurisdictional challenge, courts have an independent duty to examine their own jurisdiction. Brown v. Fisher, 251 F. App'x 527, 530-31 (10th Cir. 2007)(unpublished)[3]. "The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction," and "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Penteco Corp. v. Union Gas Sys., Inc., 929 F.3d 1519, 1521 (10th Cir. 1991)(internal quotation omitted). Federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," and "all civil actions where the matter in

---

[2] Neither Brylewksi nor Matthews is named as a defendant in the complaint.

[3] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states." 28 U.S.C. §§ 1331, 1332(a).

Pro se plaintiffs must "follow the same rules of procedure that govern other litigants." Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007). Plaintiff has alleged claims for relief for false advertisement[4] and "heressment" [sic] based on his not being selected for the Tulsa 66ers basketball team during an open tryout, allegedly because of his height. However, his filings contain no information from which it can be determined that this Court has jurisdiction over any of the possible defendants. Plaintiff's complaint states only that "jurisdiction is asserted pursuant to Lawrence Harris." Dkt. # 1, at 1. He does not state any federal basis for relief, nor has he met his burden of showing that diversity jurisdiction exists as to any of the defendants he names. He has not alleged the citizenship of any of the defendants, or, for the corporate entity, the state of incorporation or principal place of business. He has therefore failed to carry his burden of establishing jurisdiction in this Court.[5]

The Tenth Circuit Court of Appeals has found that although courts must be mindful of the duty to construe the allegations of pro se litigants liberally, where "[p]laintiff's filings lack even the most minimal assertions required to establish jurisdiction in federal court," dismissal is warranted despite a plaintiff's pro se status. See McBride v. Doe, 71 F. App'x 788, 789 (10th Cir. 2003)(unpublished)[6](dismissing case for lack of jurisdiction where pro se plaintiff failed to include

---

[4] In his amended response to the motion to dismiss, plaintiff also refers to a claim for "false negotiation." Dkt. # 24, at 2.

[5] The plaintiff's requested relief of $5,000,000,000 does exceed the jurisdictional threshold for amount in controversy.

[6] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

information in filings from which it could be determined whether jurisdiction existed). Such a dismissal is warranted in this case, as plaintiff has provided no information through which the Court is able to determine its jurisdiction over this case.

**IT IS THEREFORE ORDERED** that plaintiff's claims are **dismissed for lack of subject matter jurisdiction**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss and Supporting Brief (Dkt. # 17) is **moot**.

**DATED** this 22nd day of February, 2011.

*[signature: Claire V. Eagan]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT